THOMAS A. EGGERT, PLAINTIFF AND APPELLEE, v. MORRIS M. McHOSE, DEFENDANT AND APPELLANT.

Submitted December 4, 1908—Decided October 17, 1910.

In the examination of a party defendant in a proceeding for discovery supplemental to an execution in a District Court, the defendant swore that he might have had a little more or a little less than two hundred dollars. On a later date he produced receipts showing that after the previous examination he had paid other creditors more than two hundred dollars. The court adjudged defendant to be guilty of contempt, and ordered him to be imprisoned until he paid the judgment against him and costs. *Held*, that the commitment of the defendant could not rest upon the general power of the District Court to punish contempts, because the contempt, if existing, consisted in the disobedience of an order requiring the defendant to make discovery, and the disobedience of any order is provided for in section 204, *Pamph. L.* 1898, which limits the punishment to a fine not exceeding fifty dollars and imprisonment until the fine is paid and the disobeyed order is complied with.

On appeal from an order of the District Court of Perth Amboy, adjudging the defendant in contempt.

Before Justices REED, BERGEN and MINTURN.

For the plaintiff and appellee, *Beekman & Spencer.*

For the defendant and appellant, *Thomas Brown.*

The opinion of the court was delivered by

REED, J. The order brought up by this appeal grows out of an order for discovery upon supplementary proceedings. The order adjudges the defendant guilty of contempt for falsely testifying while before the court respecting the amount of his assets.

A judgment had been entered in that court for $290.26, with $19.16 costs, in a case brought by Eggert against Mc-Hose. An execution had been issued and returned unsatisfied.

On March 31st, 1908, upon petition by the plaintiff, an order was made by the court directing the defendant to appear before the District Court on April 6th, 1908, and make discovery on oath of his property and things in action. The date of the hearing, on April 6th, was adjourned to April 9th, on which day the defendant appeared and testified that on March 18th he had sold his farm and his business to one John Clear for the sum of fifteen hundred dollars ($1,500)·; that of this $1,500, $700 was already due to John Clear, and the remainder, $800, he received in cash; that he had had maybe six or seven hundred dollars, but that he had paid it out, and held receipts for the payments. The matter was adjourned to April 16th to enable the defendant to produce his receipts for such payments.

The hearing, on April 16th, took another turn, and the receipts were not asked for nor produced. The defendant, however, was subpœnaed to appear again before the District Court on April 20th. At the hearing on that date the defendant was requested to produce his receipts, but said he had not brought the receipts with him. At that hearing he was asked how much money he then had, and he replied, "I do not know exactly." He was then asked the further question whether he had over two hundred dollars, to which he replied, "I do not know; I may have more and I may have less."

The hearing was then adjourned to April 23d, upon which date the defendant produced his receipts which showed that he had paid on April 20th a note for $300 due by him to one Snow, and had also paid on April 21st a bill for $275 to one

McCabe for a pasture field and for the use of a horse and cart.

On May 18th, 1908, a rule was served upon the defendant directing him to show cause why he should not be held in contempt for paying out these sums of money, and also for testifying on April 20th that he might have had more or he might have had less than two hundred dollars in his possession at that time, when in fact he had in his possession six or seven hundred dollars. On the return of this rule, the plaintiff submitted an affidavit of his attorney setting out the facts upon which the commitment of the defendant for contempt was asked. No testimony was offered by the defendant.

On July 2d, 1908, the court made the order now the subject of this appeal. The court adjudged that the defendant was guilty of contempt in testifying on April 20th that he did not know whether he had more or less than two hundred dollars in his possession, although he subsequently paid out over five hundred and seventy-five dollars to other creditors.

The defendant was ordered to pay the amount of the said judgment and costs, and to stand committed to the county jail until the said judgment and costs were paid.

The general power of the District Court to punish for contempt was conferred by the act of 1877 (*Gen. Stat., p.* 1216, § 3), and this general power was continued in the Revised District Court act of 1898. *Pamph. L., p.* 556. The special power to commit for contempt in supplementary proceedings for discovery in aid of an execution was first conferred by the act of 1885 (*Pamph. L., p.* 174), and continued in the revised statute of 1898. *Pamph. L., p.* 629, § 204.

The power to punish for contempt in supplementary proceedings is confined to cases of disobedience of any order of the judge, or any disobedience of any subpœna issued by the District Court to a witness directing him to testify in discovery proceedings. The penalty provided by this section for any such disobedience is imprisonment in the county jail, and by imposing a fine not exceeding fifty dollars, or both. The imprisonment is to continue until the order or subpœna shall have been obeyed and the fine imposed shall be paid.

The order in this case was not made under this section. The purpose of the commitment was not to compel further disclosure by the defendant, but to punish for an alleged false disclosure. The commitment was not until an order of the court should be obeyed, nor was it until a fine not exceeding fifty dollars should be paid. So it is apparent that the order made cannot be supported by the provisions of section 204 of the act of 1898. Nor did the court put its judicial action upon that section, but admittedly made the order under its general power to punish a party or witness for contempt.

Now, while it may be admitted that the court possesses a power to punish for conduct other than that included in section 204, nevertheless, it seems clear that for any contempt which is included in that section, the court must proceed in conformity with the terms of that section. If the defendant was in contempt, it was because he disobeyed an order of the court that he should appear and make discovery of his property. The method of punishment for the disobedience of such an order was provided for in the section mentioned, and as already observed, that method was not pursued in this case.

For this reason the order should be reversed.